# Krovatin Klingeman LLC

ATTORNEYS AT LAW

GERALD KROVATIN

HENRY E. KLINGEMAN*

HELEN A. NAU**

ANNA G. COMINSKY**

*ALSO ADMITTED IN HI AND PA

**ALSO ADMITTED IN NY

744 BROAD STREET
SUITE 1903
NEWARK, NEW JERSEY
07102

TEL. 973-424-9777
FAX 973-424-9779
www.krovatin.com

**DOCUMENT FILED ELECTRONICALLY**

February 25, 2009

Honorable Katherine S. Hayden
United States District Court Judge
United States Courthouse & Post Office
Federal Square
Newark, NJ  07101

    Re:  United States v. Michelle Davis
        Crim. No. 08-009 (KSH)

Dear Judge Hayden:

  Please accept this letter in reply to the Government's opposition to Defendant Michelle Davis's motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. For the first time, the Government asserts that the motion is untimely. Consequently, Ms. Davis submits this reply for the purpose of clarifying, correcting, and/or supplementing matters relevant to this Court's resolution of the issues raised. In any event, Ms. Davis maintains that—based on the reasons explained in her motion brief and in this reply—this Court should grant a judgment of acquittal on all counts of conviction.

  The Court has scheduled oral argument for Monday, March 9, 2009, at 2:00 p.m.

I.  The Rule 29 motion was and is timely.

  The Government now claims that Ms. Davis's motion must be dismissed without substantive consideration because it was filed—allegedly without excuse—too late. Further, the Government argues that the Court lacks legal authority to entertain the untimely motion.

  The Government confuses the making of the Rule 29 motion with the submission of a written brief in support of the Rule 29 motion. Ms. Davis made the Rule 29 motion both before and after the verdict, as Rule 29 contemplates. See Fed. R. Crim. P. 29(a) &

**KROVATIN KLINGEMAN LLC**
ATTORNEYS AT LAW

(c). The Court reserved decision and Ms. Davis asked for additional time to submit a written brief in support of the motion, a request to which the Government never objected and which the Court granted. See Fed. R. Crim. P. 29(b).

Since the end of the trial, the Government has been well aware that Ms. Davis intended to submit a written brief in support of her Rule 29 motion. Until it submitted its opposition, the Government never offered even a hint that it objects to making of the motion or the Court's briefing schedule. Indeed, it was the Government that requested a formal briefing schedule.

Additionally, as lawyers customarily do, counsel for Ms. Davis and counsel for the Government informally communicated in November 2008 regarding the schedule for filing of the briefs. Counsel for the Government told counsel for Ms. Davis that the Government would agree to give counsel for Ms. Davis as much time as necessary to submit the brief. Because the Government's position cannot be reconciled with its previous statements and actions concerning the Rule 29 motion, this Court should impose judicial estoppel and reject the Government's contention.

A. <u>Ms. Davis complied with all requirements for filing a Rule 29 motion.</u>

In its opposition, the Government states, "Defendant offers no excuse for her laxity in filing or failure to seek an extension within the time permitted." Gov't Br. at 6. No excuse is needed because no breach of the rule has occurred.

As Your Honor will no doubt recall, defense counsel made the Rule 29 motion on the record and preserved the right to submit a written brief. For example, on October 24, 2008, counsel stated:

> [P]ursuant to Rule 29 of the Federal Rules of Criminal Procedure, I will be moving as the rule speaks, "after the close of all the evidence," for a judgment of acquittal with respect to all five counts of the indictment. I anticipate that to be an extended oral argument, perhaps supplemented by written briefs."

Government counsel then stated, "I'm not sure any response is necessary" and the Court concluded, "All right. We'll follow that order of business."

10/24/09 Tr. at 7A.4.[1]

---

[1] Defense counsel has ordered additional transcripts from the Court Reporter, including the record of proceedings at the end of the presentation of the case and after the verdict. Although defense counsel had previously ordered transcripts of the trial testimony (to use in writing the Rule 29 brief), counsel did not order the non-essential transcript portions because the Government never revealed its intent to object to the mere making of the Rule 29 motion until now.

## KROVATIN KLINGEMAN LLC
ATTORNEYS AT LAW

Honorable Katherine S. Hayden
February 25, 2009
Page 3 of 7

After the jury returned its verdict, Your Honor asked counsel for both parties to confer as to a briefing schedule. The Government did not object. Needless to say, the Government would not have acquiesced to a briefing schedule and the Court would not have contemplated one if the Rule 29 motion had not been made and preserved.

Counsel did not set a schedule right away. For his part, defense counsel immediately began to prepare and try United States v. Firas Al-Salibi before Judge Joseph Greenaway. Nevertheless, having preserved the motion before the Court, defense counsel fulfilled its obligations under Rule 29. To claim otherwise—as the Government belatedly does—is to ignore what actually transpired in court. Certainly, if the Court had determined then that defense counsel had not preserved its Rule 29 motion, Your Honor would have not directed the parties to agree to a briefing schedule and proceed on this motion.

Moreover, the Government's post-trial conduct betrayed no objection to Ms. Davis's right to pursue a Rule 29 motion. For example, shortly after the Davis trial ended but before the Court set a briefing schedule, defense counsel started the Al-Salibi trial before Judge Greenaway. While in the courthouse for that trial, defense counsel met unexpectedly with one of the two Assistant United States Attorneys responsible for the Davis case (and, ironically, the author of the Government's brief in opposition that interposes this procedural objection). Defense counsel and the AUSA spoke of the fact that the two had not agreed yet on a schedule and defense counsel, busy with his new trial, had lacked an adequate opportunity to brief the motion. Typical of the collegiality that usually characterizes New Jersey federal criminal practice, the AUSA empathized and stated explicitly that the Government would allow as much time as needed to draft the moving brief. In no way, shape, or form did the Government attorney suggest that he would seek later to bar any consideration of the issues on their merits.

Later, the other AUSA assigned to the Davis case requested that the Court set a formal briefing schedule. In his written communication to the Court, the AUSA nowhere indicated that the motion was now untimely. Defense counsel adhered to the date for submitting a written brief in that schedule. Ironically, the Government was unable to comply. Instead, the Government—yes, the same Government complaining of untimeliness now—requested an extension of time, a request to which defense counsel promptly consented.

In sum, the Government's attempt to defeat on procedural grounds Ms. Davis's motion must fail because Ms. Davis properly preserved her Rule 29 motion and the Court properly reserved decision pending the submission of written briefs. There was no procedural fault and Ms. Davis is not required to establish any excusable neglect.

If defense counsel were to have to established excusable neglect, however, he would point to several reasons: Obtaining transcripts; trying United States v. Al Salibi

before Judge Greenaway mere weeks after the end of the Davis trial; the end-of-year holiday season; reliance on the Government's oral representation to take as much time as necessary; and reliance on the Court's generous time accommodations, among others.

Additionally, the Government's current position on the Rule 29 motion is so inherently inconsistent with its earlier position on the same motion that this Court should dismiss the Government's argument on judicial estoppel grounds to prevent a serious miscarriage of justice.[2]

### II. The Government Did Not Present Sufficient Evidence to Support a Conspiracy Conviction.

Ms. Davis's moving brief pointed out the holes in the Government's conspiracy case against her. For its part, the Government's opposition miscomprehends Ms. Davis's argument. By way of example, the Government claims that Ms. Davis's argument is "odd" because she admitted to "participation in the money-laundering transactions

---

[2] Though courts do not routinely resort to judicial estoppel to bar a party's actions, it is an appropriate remedy where a party tries to "play[] fast and loose with the courts." Mintze v. American Fin. Servs. Inc. (In re Mintze), 434 F.3d 222, 232 (3d Cir. 2006) (quotation omitted). Estoppel is proper where: (1) a party has taken two irreconcilably inconsistent positions; (2) a party has changed its litigating position in bad faith; and (3) no lesser sanction would be adequate to remedy the damage. See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 319 (3d Cir. 2003); see also New Hampshire v. Maine, 532 U.S. 742, 750-751 (2001) (identifying factors for an estoppel analysis).

A slap on the wrist is not enough here to penalize the Government's fast and loose tactics. The Court can not treat lightly the Government's duplicity regarding Ms. Davis's right to have this Court entertain her Rule 29 motion. To this end, all three factors weigh heavily in favor of imposing judicial estoppel.

First, the Government has represented two entirely inconsistent positions. Until its (late-filed) opposition brief, the Government never gave any indication that it would oppose the Rule 29 motion based on untimeliness. To the contrary, the Government's communications with the Court as well as defense counsel impliedly held otherwise. And, most interestingly, when the Government could not meet the deadline set forth in the Court's briefing schedule, Ms. Davis consented to an extension of time. But now, as expressed in its opposition, the Government, without warning or explanation, has done a 180 degree turn. Now, it takes the unequivocal position that the Court cannot consider the merits of the Rule 29 motion and should dismiss it because it was filed untimely. Juxtaposed here, the Government's positions could not be more irreconcilably inconsistent.

Second, all known facts support a finding that the Government has acted in bad faith in changing its position. At all times before filing its opposition, the Government did not object to the Court's order to file well after trial written briefs on the Rule 29 motion. Neither the Court nor the defense was put on notice of any objection. In fact, all relevant events that transpired between the parties demonstrated that the Government **agreed** that Ms. Davis could file later a written brief to substantiate her Rule 29 challenge on the record. But then, without notice, incident, or warning, the Government changed its mind. Because the Government had no legitimate reason to do so, it acted in bad faith.

Third, a dismissal of the Government's procedural argument is the only remedy that will suffice. Under the circumstances, the Government has no right to have the Court treat its timeliness challenge as appropriate or, further, to consider the merits of such challenge. Moreover, only if this Court concludes the Government is estopped from arguing untimeliness will the Government get this message: fast and loose maneuvers designed to mislead adversaries and/or the Court simply will not be tolerated.

Therefore, this Court should apply judicial estoppel to preclude the Government from waging a timeliness challenge to Ms. Davis's Rule 29 motion.

## Krovatin Klingeman LLC
ATTORNEYS AT LAW

Honorable Katherine S. Hayden
February 25, 2009
Page 5 of 7

alleged." Gov't Br. at 9. To be clear, Ms. Davis may have acknowledged involvement with Rasheem Small, but she never stated she committed with him "money laundering transactions" – obviously, a distinction with every difference.

In a similar vein, the Government claims that Ms. Davis "admitted the existence of an agreement to commit the acts alleged." Gov't Br. at 10. To be sure, Ms. Davis has never admitted she struck an agreement with Rasheem Small to engage in any criminal conduct. In fact, none of what Ms. Davis actually did was illegal or anything other than innocent and ordinary. And, most significantly, the Government has produced no evidence of any such agreement with Mr. Small, the key cooperating witness for the prosecution.

To state the obvious, the reason Ms. Davis has devoted particular attention in her brief to Mr. Small is because his testimony is critical to, among other allegations, the Government's theory that the two shared a "unity of purpose" and an agreement to commit money laundering. Cf. Gov't Br. at 1. (suggesting Ms. Davis has focused on Mr. Small's testimony so as to avoid mention of other Government witnesses who testified against her). After all, what witness is in the best position to testify as to the alleged conspiratorial agreement between Mr. Small and Ms. Davis? Mr. Small, of course. His testimony—not that of the other cooperators or any of the other witnesses paraded into court—is what counts. Cf. id. With regard to the other witnesses, there is need to dwell on their testimony because none of them provides evidence to support the legal elements of conspiracy.

Moreover, contrary to the Government's representation, Ms. Davis does not claim that proof of a formal or written agreement is required to sustain a conspiracy conviction. The Government cannot point credibly to anywhere in her motion papers where she allegedly suggests this. What Ms. Davis does assert is that the Government must point to some proof of an agreement. Nowhere in its brief does the Government identify this proof. As we have noted again and again, the most likely source of this proof—Mr. Small—was never even asked if there was an agreement and, naturally, never testified that there was. Not formal, not written, not informal, not unwritten, not express, not implied, none.

Thus, the Government offers no legitimate, persuasive basis to reject Ms. Davis's Rule 29 challenge to her conspiracy conviction.

### III. The Government Did Not Present Sufficient Evidence to Sustain the Money Laundering Convictions.

Relevant to the money laundering convictions, Ms. Davis's moving brief well identifies the deficiencies in the Government's proofs. As a result, these points need not be repeated in any detail here. Suffice it to say, the Government did not meet its burden of proof in demonstrating the requisite elements of the four money laundering charges.

KROVATIN KLINGEMAN LLC
ATTORNEYS AT LAW

Honorable Katherine S. Hayden
February 25, 2009
Page 6 of 7

First, as to the money laundering charge in count two, the Government premised the charge on a $2,000.00 cash payment between Ms. Davis and Mr. Small. Yet the facts, which the Government does not and can not dispute, showed that Mr. Small never gave Ms. Davis $2,000.00 cash. No such transaction ever took place. *See* Def.'s Br. at 8-9.

Second, as to count three, Mr. Small's own testimony exonerated Ms. Davis. Mr. Small's testimony established that Ms. Davis assisted him in paying Duct Mate because he had a low bank balance at the time. The evidence at trial did not prove beyond a reasonable doubt that she acted with any criminal intent or knew of Mr. Small's ulterior motives. *See* Def.'s Br. at 10-12. Further, with respect to the Government's theory that Ms. Davis knew or should have known that Mr. Small's monies were illegal, the Government never effectively dealt with the evidence that Small held himself out to others as a legitimate businessman. *See* Def.'s Br. at 12-15.

Third, with respect to count four, the Government weakly depicted Ms. Davis as a "straw purchaser" in the Range Rover purchase. In fact, its efforts were so weak that its own expert, Special Agent Guerci, offered testimony that contradicted its theory. Guerci's testimony acknowledging that Ms. Davis's actions were atypical of a "straw purchaser," provided more than enough evidence to support an acquittal on this count. *See* Def.'s Br. at 17-19. Special Agent Guerci's testimony is not a substitute for the missing evidence of guilty intent. Beyond that, however, his testimony is so convoluted and incomprehensible that it cannot be the basis for sustaining the jury's verdict.

Fourth, in count five, the Government charged Ms. Davis in connection with her participation in the Range Rover sale. But because no one, including the Government's most important witnesses, disputes that she was not involved in the sale, this theory is and was hopeless. *See* Def.'s Br. at 19-20.

Lastly, Ms. Davis would be remiss were she to omit mention of the Government's overall theme in this case. The Government tried endlessly to depict Ms. Davis, a Newark police officer, as a bad, corrupt individual by linking her to her friend, Mr. Small, a convicted felon. Throughout trial and in its opposition, the Government makes much ado about Ms. Davis's close ties to Mr. Small. Well, so what? Maybe this relationship was the result of poor judgment. Call it even stupid for a police officer to have a personal relationship with someone on the other side of the law. But bad judgment and stupidity does not amount to criminal intent. Any ties between the two do not make her a criminal and do not make her actions crimes. Guilt by association, in case the Government has forgotten, is not permitted under our laws. Indeed, the Government's attempt to cloud the case with the irrelevant and inconsequential fact that Mr. Small and Ms. Davis were close proves exactly what Ms. Davis has argued all along: the Government fell short on its proofs.

IV.     Conclusion.

For the reasons explained above and in the initial moving brief, Ms. Davis requests this Court to grant a judgment of acquittal under Rule 29.

                                                        KROVATIN KLINGEMAN LLC

                                                        /s/ Henry E. Klingeman (HK 6007)

                                                        Krovatin Klingeman LLC
                                                        744 Broad Street, Suite 1903
                                                        Newark, NJ 07102
                                                        TEL 973-424-9777
                                                        FAX 973-424-9779